PROB 12B
(7/93)

Report Date: October 9, 2007

# United States District Court

### for the

### Eastern District of Washington

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

OCT 11 2007

JAMES R. LARSEN, CLERK
_____DEPUTY
SPOKANE, WASHINGTON

## Request for Modifying the Conditions or Term of Supervision
## with Consent of the Offender
*(Probation Form 49, Waiver of Hearing is Attached)*

Name of Offender: Carolyn Niemi                     Case Number: 2:06CR00051-002

Name of Sentencing Judicial Officer: The Honorable Fred Van Sickle

Date of Original Sentence: 05/15/2007              Type of Supervision: Supervised Release

Original Offense: Conspiracy to Manufacture 1,000   Date Supervision Commenced: 05/15/2007
or More Marijuana Plants, 21 U.S.C. § 841(a)(1)

Original Sentence: Prison - 1 Day; TSR - 60 Months  Date Supervision Expires: 05/14/2012

---

## PETITIONING THE COURT

To modify the conditions of supervision as follows:

20    The defendant shall reside in and satisfactorily participate in a residential reentry center program to include a prerelease component and day reporting, program participation, if determined appropriate by the program manager or the probation office, as a condition of supervision for up to 180 days or until discharged by the Program Manager with the approval of the probation office. The defendant may be responsible for a 25% gross income subsistence fee which shall be reduced to 10% in the event she is moved to day reporting.

21    The defendant shall participate in the home confinement program with electronic monitoring, which may include global positioning system (GPS), as directed by the probation officer for a period of 180 days. The defendant shall pay the cost of the program.

22    The defendant shall participate as instructed by the probation office in a program approved by the probation office for treatment of narcotic addiction, drug dependency, or substance abuse, which may include testing to determine if she has reverted to the use of drugs or alcohol. The defendant must contribute towards the cost of any programs, to the extent she is financially able to do so, as determined by the probation officer. <u>The defendant shall also abstain from the use of alcohol and/or other intoxicants during the term of supervision.</u>

23    The defendant shall submit to one drug test within 15 days of placement on probation(or release from imprisonment) and at least two periodic drug tests thereafter not to exceed eight valid tests per month pursuant to 18 U.S.C. § 3653(A)(5) and 18 U.S.C. § 3583(d).

## CAUSE

On May 23, 2007, this officer requested the Western District of Washington (WD/WA) in Seattle, Washington, accept transfer of supervision and jurisdiction in this case since all of the offender's ties are in the WD/WA. On June 7, 2007, the U.S. probation officer in Seattle met with Ms. Niemi to review her conditions of supervised release. The offender acknowledged her understanding of these conditions of supervision with her signature. Ms. Niemi was advised by the probation officer in Seattle that as part of her relocation to the WD/WA, she would likely have to consent to additional special conditions. On July 13, 2007, Ms. Niemi entered the residential reentry center (RCC) through the Bureau of Prisons (BOP) in Seattle, Washington, to begin her 180-day placement.

On August 21, 2007, the supervising U.S. probation officer for Ms. Niemi met with the offender. She was presented the "Waiver of Hearing to Modify Conditions of Supervised Release" to include several amendments to the conditions previously imposed by the Court, along with an added condition of including a restriction on alcohol consumption.

On October 2, 2007, the assigned U.S. probation officer in Seattle contacted this officer. He also requested that in addition to the request for the modification of conditions in Ms. Niemi's case, that jurisdiction also be transferred to the WD/WA. As a result, if the Court concurs with this request, this officer has attached two original "Transfer of Jurisdiction" documents for the Court's signature.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: 10-9-07

Brenda J. Kuest
U.S. Probation Officer

## THE COURT ORDERS

[ ] No Action
[ ] The Extension of Supervision as Noted Above
[X] The Modification of Conditions as Noted Above
[ ] Other

JFVS

Fred Van Sickle
Signature of Judicial Officer

October 9, 2007
Date

PROB 49
(5/97)

# United States District Court
## Eastern District of Washington
Docket Number: CR06-00051-002

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

OCT 1 1 2007

JAMES R. LARSEN, CLERK
_____ DEPUTY
SPOKANE, WASHINGTON

### Waiver of Hearing to Modify Conditions of Supervised Release

I, **Carolyn N. Niemi**, have been advised and understand that I am entitled by law to a hearing and assistance of counsel before any unfavorable change may be made in my Conditions of Supervised Release or my period of supervision being extended. By "assistance of counsel," I understand that I have the right to be represented at the hearing by counsel of my own choosing if I am able to retain counsel. I also understand that I have the right to request the court to appoint counsel to represent me at such a hearing at no cost to myself if I am not able to retain counsel of my own choosing.

I hereby voluntarily waive my statutory right to a hearing and to assistance of counsel. I also agree to the following modification of my Conditions of Supervised Release or to the proposed extension of my term of supervision:

> The defendant shall reside in and satisfactorily participate in a residential reentry center program to include prerelease component and day reporting program participation, if determined appropriate by program manager or the probation office, as a condition of supervision for up to 180 days or until discharged by the Program Manager with the approval of the probation office. The defendant may be responsible for a 25% gross income subsistence fee which shall be reduced to 10% in the event she is moved to day reporting.

> The defendant shall participate in the home confinement program with electronic monitoring, which may include global positioning system (GPS), as directed by the probation officer for a period of 180 days. The defendant shall pay the cost of the program.

> The defendant shall participate as instructed by the probation officer in a program approved by the probation office for treatment of narcotic addiction, drug dependency, or substance abuse, which may include testing to determine if she has reverted to the use of drugs or alcohol. The defendant must contribute towards the cost of any programs, to the extent she is financially able to do so, as determined by the probation officer. <u>The defendant shall also abstain from the use of alcohol and/or other intoxicants during the term of supervision.</u>

> The defendant shall submit to one drug test within 15 days of placement on probation (or release from imprisonment) and at least two periodic drug tests thereafter not to exceed eight valid tests per month pursuant to 18 U.S.C. § 3563(a)(5) and 18 U.S.C. § 3583(d).

Witness: _____  Signed: _____
Michael J. Larson                                    Carolyn Niemi
United States Probation Officer                Supervised Releasee

<u>August 21, 2007</u>
Date